On the following petition filed by the counsel of defen* ■ dants in error, a re-hearing was granted»
Counsel who were not previously engaged in (his Cause, but, who would have appeared, had not the names of the parties have been mistaken, beg leave, respectfully, to present to the court the following considerations, fora re-hearing, in this cause.
As the court has said, a purchaser or parly under execution, is not bound by the irregularities of a sheriff in doing execution, where such purchaser or party tvas not privy thereto. This is a position that cannot be denied, and one we should be sorry to see shaken.
On the contrary, if tire purchaser or party has been instrumental in causing, or has participated in the illegalities of the sheriff, that he should be bound by them, and lose his purchase by reason thereof, is a position equally clear.
That Fans not only knew of, but caused the illegalities of the sheriff here, (if illegality it be) and availed himself of the opportunity to acquire the land, is a fact that cannot be controverted. The question then must rest on the enquiry, whether the sheriff acted illegally in selling the land, while there was other estate, sufficient, subject to discharge the execution, within his grasp. This question must be settled by the-several acts of assembly, regulating this matter,
Petition.
Here we would previously observe, that lands'not boina; liahlo by common law, and only subjected by sin (.me, such statute mint ho substantially pursued. The law was loader of the rights of home; that is not to be disturbed, if there be other modes of satisfying the «execution. Permitting our citizens to have an al-lodial igh< in I lie spil, not subject to be divested, even bv the government itself, is a regulation, calculated much to strengthen our república;) form of government. if is no wonder then,-that (he legislature hesitated to strip iho citizen of his domicil. They refused ro do .a>, ¡ill all otsx-r expedients failed, and all oth-■cr resoujces were exhausted.
Tin: act of assembly, which first subjected lands to the payment of debts, declares, that the officer “shall and may make the debt or damages, and costs recovered, first of the goods and chattels, exclusive of slaves; and if there be no such goods and challéis, or not sufficient found in his bailiwick, then of ike slaves; and if there he. none., or not sufficient found in his bailiwick, lastly, of the' lands, tenements, and hereditaments in possession, reversion or remainder; or so much thereof, in one or more entire parcels, as shall be sufficient, and such part as the owner shall direct, if he thinks Draper.”
it is easy to observe the great caution here taken, to placo the land on the back ground, and have it last, ft is not postponed to the goods, chattels and slaves of the defendants, dr any one defendant, on which the officer had begun to act; hut, to all goods and chattels, not of the defendant alone, as the court seems to suppose, for no defendant is named, but to all goods, chattels. and slaves, subject to execution. What limit can be fixed to this expression, except that of all goods and chattels subject to (lie-execution. That, and that only is the limitation, l! other goods, chattels, and slaves, are without the officer’s power, then he may take land, and not before.
But, this is not the only expression used by the legislature. In the 7th section ot an act, of 1798, I Dig. S.L. 514, it is declared: that "Land shall not he. taken by execution, for debt oi damages, if there be slaves, or personal property, sufficient to pay the debtor dama* *241 ge5, unless the defendant should request that Iris land should he taken, instead of the other property.”
lÉ 1 lort'
Now, the word defendant here used, must be con■sidered as including all defendants, and the design of the clause is, to require the consent of'a defendant to take his own land; and without such assent, land m: st be postponed. But,’in the case we are considering, one defendant requires the sheriff to falce the land of another, against his consent, when that defendant’s personal estate was the legitimate fund.
The court has admitted, that the sheriff, acting contrary to his instructions, might give the party injured a rightof action. This is true; hut, the party injured, has frequently his election to recover what is lost, or sue the sheriff. If he recovers what is lost, then the loser has his action against the sheriff. The court seems to say, that the difficulty lies, in injuring thé plaintiff in the execution, Buford, who did not participate in the wrongs of the sheriff. To this, it is replied, that if Buford should be ultimately injured, he has his action against the sheriff. For, as the officer is liable to whichsoever is injured, it will often happen that the rightof action against him will be changed, and go to the hands of the person ultimately injured. Suppose him to act grievously illegal in a sale, so much so, that his oppressive acts in making the sale, could not be sustained for a moment; the plaintiff does not participate, but gets his money, and the defendant quashes either the execution, or the return and sale, and the plaintiff loses. He then has his action against the sheriff.
Besides, Faris was the person who committed or directed the act, and was the purchaser; and the act of assembly, regulating such motions, expressly requires a sale to be set aside for improprieties between either plaintiff or sheriff, or defendant and sheriff, or between the purchaser and sheriff, even though both plaintiff and defendant did not participate; seel Dig. S.L. 516. After this act, it is wholly immaterial, whether the defendant or plaintiff here took any part. The acts of the purchaser alone will vitiate, and the plaintiff be left to his remedy against She sheriff. See Blight vs. Tobin; a late case in Mss.
Petition.
The court seems to remark, that there might be some difficulty in finding the personal property of Faris. The reply to this is, there was no doubt of its being accessible, because it is the sheriff himself, who acted under the execution, who proves that there was such personal estate. He, of course, knew of it, and he puts his acts upon the law of the case, and the direction of Faris.
It is then insisted, that the act is positive, in requiring the personal estate, hable to the execution, to be sold, and the right to apportion, is not with the sheriff. To permita sheriffin acting between defendants, to unite with one, to the prejudice of the other, and let the one in combination become the purchaser, will be the inlet to many frauds. It may be said, that John Banton, whose land is sold, was liable to pay the rest -of the execution, and if Faris had paid it, John Banton would have been liable to contribute. This is assuming those facts collaterally on the motion, when no issue is formed to try the way in which accounts stood between the parties. If Faris was put to his suit for contribution, John Banton might discount the demand against personal claims of his own; which he could not-do in this motion.
It is relied on in the brief, that the same matter was tried in ejectment, and therefore, there could not be a second trial. To this, the following answer is submitted:
1. The verdict and judgment in ejectment, being for plaintiff, even under the late statute', is no bar or evidence in another ejectment, much less in a proceeding which tries title.
2. There is no issue in the ejectment made up, nor any defendants entered thereto.
3. Tf it was a new question, the right to try in eject* ment such irregularities in a sale, is questionable. It would be best in every case, where the sheriff had authority to sell, to decide the title with the sale, and leave the party to his remedy, by motion, within the year, or afterwards, to his remedy in equity which still exists'independent of <he motion. It cannot be reasonably' doubted, that many cases will happen under our decisions, where the legal title goes with the *243 sale, and where the chancellor will interpose to recover it back, or a motion would lie to annul it. This is a case of that character. What is done in the ment, concludes nothing here.
If the doctrine of the court is correct, that the sheriff can go into the question of distribution, and vary his right, under circumstances, to levy accordingly, many matters'must be noticed by him which he cannot notice. He must travel behind the judgment, and ascertain who is principal, who surety, and whether all arejoint debtors, or whether one is equitably bound to pay the whole. He would, also, if he is to levy ratea-bly, have to begin frequently with land, instead of having land last. If Faris must lose his personal estate, to pay up-this whole debt,- before John Banton’s land-can be taken, letitbe remembered, that he agreed to do so when he entered into the contract with him. He was then bound to know, that the lands of his co-surety was the last fund which could be subjected.
The legislature evidently intended by “defendant” the party, as is evident from the interchange, who are of the word “party.” 1 Dig. 513. 3 Sec. the words “party convict” is used. 6ih Sec. the word “party” is used just before the direction, that lands shall be last in 7th Sec. In'that section, the word debtor is-used, which means all the debtors.
Another act says, the defendant may replevy. This has been so construed, that' all-the defendants must join.
Wherefore, a re-hearing is respectfully solicited*